UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                            :
TITAN PHARMACEUTICALS AND        :        MEMORANDUM
NUTRITION, INC. and GEORGE        :        OPINION AND
MITSOPOULOS,                      :        <u>ORDER</u>
                    Plaintiffs,   :
                                  :        05 Civ. 10580 (SAS)
        -against-                 :
                                  :
MEDICINE SHOPPE                   :
INTERNATIONAL, INC., CARDINAL     :
HEALTH, INC, and AMERICAN         :
ARBITRATION ASSOCIATION,          :
                                  :
                    Defendants.   :
-----------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

Titan Pharmaceuticals and Nutrition, Inc. and George Mitsopolous

(collectively "Titan") bring this motion for reargument and reconsideration of this

Court's March 13, 2005 opinion and order ("March 13 Opinion") dismissing

Titan's action against Medicine Shoppe International, Inc. ("MSI") in favor of

arbitration.

## I.    LEGAL STANDARD

A motion for reconsideration is governed by Local Rule 6.3 and is

appropriate where a court overlooks "controlling decisions or factual matters that

were put before it on the underlying motion . . . and which, had they been

1

considered, might have reasonably altered the result before the court."[1]

Alternatively, a motion for reconsideration may be granted to "correct a clear error or prevent manifest injustice."[2]

Local Rule 6.3 should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[3] A motion for reconsideration "is not a substitute for appeal."[4] Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively, "to reargue those issues already considered when a party does not like the way the original motion was resolved."[5] The purpose of Local Rule 6.3 is to

---

[1] *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) (quotation marks and citation omitted). *See also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

[2] *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983).

[3] *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001).

[4] *RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, 207 F. Supp. 2d 292, 296 (S.D.N.Y. 2002) (quotation omitted).

[5] *Houbigant, Inc. v. ACB Mercantile*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).

"ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."[6]

## II.   DISCUSSION

Titan argues that this Court overlooked its arguments that *first*, the arbitration clause in Titan's agreement with MSI (the "License Agreement")[7] was induced by fraud, and *second*, that because the fraud at issue was an omission, Titan's reliance should be presumed.  Rather than bringing an oversight of any factual matter or controlling law to the Court's attention, Titan attempts to reargue its position.  Titan's arguments are without merit.

Titan again argues that the License Agreement's statute of limitations provision was fraudulently induced, and that because that limitations provision is cross-referenced in the arbitration clause, the arbitration clause was fraudulently induced.[8]  This Court considered and rejected Titan's argument in its March 13

---

⁶       *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

⁷       *See* License Agreement, Ex. A to 1/23/06 Declaration of Cliona A. Levy, Counsel to MSI, in Support of Motion to Dismiss or to Transfer.

⁸       *See* Plaintiffs' Brief in Support of Motion for Reargument and Reconsideration ("Pl. Mem.") at 2.

Opinion.[9] A cross-reference within an arbitration clause to a fraudulent provision of a contract does not, by itself, demonstrate that an agreement to arbitrate was fraudulently induced.[10]

Titan also takes issue with the Court's statement that the Complaint did not allege reliance "on MSI's promise to abide by the limitations provision when it signed the License Agreement."[11] The Complaint alleges that Titan relied on MSI's "statements and the completeness thereof when it signed the License Agreement."[12] This pleading might be sufficient for Titan to withstand a motion to dismiss its claim that the *License Agreement* was fraudulently induced. But that is not the issue here. The Court pointed to Titan's failure to plead reliance on the License Agreement's limitations clause to demonstrate the lack of connection between the specific fraud alleged and the *agreement to arbitrate*.

Titan also argues that the misrepresentation here was an omission because MSI "failed to disclose" that it could not be held to the contractual

---

[9] *See* March 13 Opinion at 14-16.

[10] *See id.*

[11] Pl. Mem. at 3.

[12] *See* Compl. ¶ 27.

4

limitations period. Titan cites cases from the securities fraud context to argue reliance is presumed in a case of omission.[13] These cases hold that "where the defendant's alleged conduct involves *primarily* a failure to disclose, the plaintiff need not prove transaction causation; instead, such causation will be inferred if the withheld information was material."[14]

The Court chose not to address this argument in its March 13 Opinion because it is irrelevant to the holding that Titan has failed to demonstrate the required nexus between the alleged fraud and the arbitration clause. Nonetheless, Titan's attempted end run around the reliance element of a fraud claim fails. To some extent, every fraud case is an omissions case, because every misleading statement omits the truth. To the extent that Titan has alleged a viable fraud claim here, it is not primarily related to an omission, but rather to MSI's affirmative mistatement of the limitations period that would govern the License Agreement.

---

[13]     *See* Pl. Mem. at 3 (citing *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 154 (1972); *Arthur Young & Co. v. Reves*, 937 F.2d 1310, 1328 (8th Cir. 1991); *Capital Dist. Physicians Health Plan v. O'Higgins*, 939 F. Supp. 992, 1007 (N.D.N.Y. 1996).

[14]     *Arthur Young & Co.*, 937 F.2d at 1328 (emphasis added).

For the reasons set forth above, Titan's motion for reargument and reconsideration is denied. The Clerk of the Court is directed to close this motion [Docket No. 40].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
        March 17, 2006

## - Appearances -

**For Plaintiffs:**

Richard Pu, Esq.
120 E. 90th St. 10C
New York, New York 10128
(212) 427-3665

**For Defendants:**

Edward J. Reich, Esq.
Cliona A. Levy, Esq.
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6800